**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

|  |  |
|---|---|
| Jay Morgan, et. al, | No. CV 06-1136-PHX-JAT |
| Plaintiffs, | **ORDER** |
| vs. |  |
| American Family Mutual Insurance Company, |  |
| Defendant. |  |

Pending before this Court are Plaintiffs' Motion for Summary Judgement (Doc. #23) and Defendant's Motion for Summary Judgment (Doc. #25). The Court now rules on the motions.

**I.   FACTUAL BACKGROUND**

The parties agree as to the facts. John Morgan and Geri Morgan purchased an umbrella personal liability policy (the "Policy") from Defendant American Family. The Policy had an underlying liability limit of $1,000,000. The Morgans also had two primary automobile policies with underlying limits of $100,000 per injury and $300,000 per occurrence.

Mr. and Mrs. Morgan, along with their son, Jay Morgan, and John Morgan's nephew, Garth Jones, were in a severe car accident on July 31, 2005. John Morgan was driving the car. The parties do not dispute that Mr. Morgan's negligence, carelessness, and/or recklessness caused the accident. Geri Morgan died as a result of the accident. John Morgan

1  suffered severe injuries in the accident and still suffers from severe cognitive deficits. Jay
2  Morgan and Garth Jones also suffered injuries.

3      Plaintiff Jay Morgan presented a claim to American Family under the Policy on behalf
4  of Geri Morgan's wrongful death statutory beneficiaries. American Family denied the claim
5  on the ground that the Policy's "Intra-Insured Exclusion" excluded coverage for the wrongful
6  death of Geri Morgan. The "Intra-Insured Exclusion" provided:

7      **Intra-Insured Suits. We** will not cover **personal injury** to the
8      **named insured** or anyone within the meaning of part a or b of
9      the definition of **insured**.

10 **II.   LEGAL STANDARD AND ANALYSIS**

11     Summary judgment is appropriate when "the pleadings, depositions, answers to
12 interrogatories, and admissions on file, together with affidavits, if any, show that there is no
13 genuine issue as to any material fact and that the moving party is entitled to summary
14 judgment as a matter of law." Fed. R. Civ. P. 56(c). Thus, summary judgment is mandated,
15 "...against a party who fails to make a showing sufficient to establish the existence of an
16 element essential to that party's case, and on which that party will bear the burden of proof
17 at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

18     No factual dispute exists in this case. The parties' cross motions for summary
19 judgment present a narrow legal issue - whether the doctrine of reasonable expectations
20 renders the Policy's intra-insured exclusion unenforceable. The Court finds, pursuant to *State*
21 *Farm Mut. Auto. Ins. Co. v. Falness*, 39 F.3d 966 (9th Cir. 1994), that it does.

22     Plaintiffs' wrongful death claim derives from Geri Morgan's personal injury claim.
23 Consequently, as Plaintiffs concede, if Mrs. Morgan could not recover under the Policy
24 because of the intra-insured exclusion, then Plaintiffs cannot recover. *See State Farm Fire*
25 *& Cas. Ins. Co. v. Grabowski*, 150 P.3d 275, 278 (Ariz. Ct. App. 2007). Plaintiffs do not
26 argue that the intra-insured exclusion is ambiguous. Nor do they argue that the clause is void
27 as against public policy. *See State Farm Mut. Auto. Ins. Co. v. Falness*, 872 P.2d 1233, 1234
28 (Ariz. 1994) (stating that a "named insured" exclusion is not facially void on public policy

1 grounds). Rather, they argue that even though the intra-insured exclusion is unambiguous and not against public policy, the exclusion nonetheless fails because it defeats the insured's reasonable expectations.

In *Darner Motor Sales, Inc. v. Universal Underwriters Ins. Co.*, 682 P.2d 388 (Ariz. 1984), Arizona adopted the doctrine of reasonable expectations as stated in the Restatement (Second) of Contracts for analyzing insurance agreements. The *Darner* court found that comment (f) to the Restatement (Second) of Contracts § 211 provides a sensible method for interpreting the usual type of insuring agreement. *Id.* at 397. Comment (f) reads:

> Although customers typically adhere to standardized agreements and are bound by them without even appearing to know the standard terms in detail, they are not bound to unknown terms which are beyond the range of reasonable expectation . . . . [An insured] who adheres to the [insurer's] standard terms does not assent to a term if the [insurer] has reason to believe that the [insured] would not have accepted the agreement if he had known that the agreement contained the particular term. Such a belief or assumption may be shown by the prior negotiations or inferred from the circumstances. Reason to believe may be inferred from the fact that the term is bizarre or oppressive, from the fact that it eviscerates the non-standard terms explicitly agreed to, or from the fact that it eliminates the dominant purpose of the transaction. The inference is reinforced if the adhering party never had an opportunity to read the term, or if it is illegible or otherwise hidden from view. This rule is closely related to the policy against unconscionable terms and the rule of interpretation against the draftsman.

Restatement (Second) of Contracts § 211 comment (f). The doctrine of reasonable expectations is not limited to situations in which the insurer's promises or misrepresentations induced the insured's expectations of coverage. *State Farm Mut. Auto. Ins. Co. v. Dimmer*, 773 P.2d 1012, 1017 (Ariz. Ct. App. 1989).

This case presents the question whether John Morgan reasonably would have expected the Policy to cover personal injuries to his spouse. The Ninth Circuit has already answered that question for the Court. In *Falness*, husband and wife John and Anna Hugg died in a car accident. *Falness*, 39 F.3d at 966. Mr. Hugg's negligence contributed to the accident. *Id.* Both the Huggs were named insureds on a State Farm automobile policy. *Id.*

- 3 -

State Farm refused to pay Anna Hugg's estate anything under the liability coverage of the policy because the policy contained a named insured exclusion. *Id*. The policy provided that it would not extend coverage to personal injuries suffered by a named insured. *Id*. at 966-67. The Ninth Circuit certified to the Arizona Supreme Court the question of whether the reasonable expectations doctrine applies to the named insured exclusion. *Id*. at 967.

In response to the certified question, the Arizona Supreme Court stated that the doctrine applies to the insured exclusion, which is not invalid on its face, and directed the Ninth Circuit to engage in a two-step inquiry into the insured's reasonable expectations. *Id*. The Arizona Supreme Court stated the court should analyze: (1) the format and clarity of the policy and (2) the circumstances surrounding its acquisition and issuance. *Id*.

The Ninth Circuit noted it could not undertake the suggested specific factual inquiry regarding the circumstances surrounding the acquisition and issuance of the policy because neither Mr. nor Mrs. Hugg could testify as to their expectations. *Id*. at 968. For that reason, the determination of Mr. Hugg's reasonable expectations was an issue of law for the court. *Id*. at 967-68. The court did consider the format and clarity of the policy.

The Ninth Circuit noted that the declarations page of the policy indicated coverage in a certain amount for any person. *Id*. at 967. Further, the exclusion at issue did not appear until page six of the fifteen-page policy. *Id*. The Ninth Circuit ultimately held that an insured driver would reasonably expect coverage for a passenger spouse's claims. *Id*. at 968. The court would not enforce the named insured exclusion so as to defeat that reasonable expectation. *Id*.

The current case is virtually indistinguishable from the *Falness* case.[1] The exclusion

---

[1] The exclusion in *Falness* was in a primary policy, the exclusion here is in an excess policy. The Court finds unpersuasive the Defendant's attempt to distinguish the cases on this basis. The Restatement (Second) of Contracts §211, adopted by Arizona, applies to standardized form contracts. Both primary and umbrella insurance policies are standardized contracts.

- 4 -

here is labeled an "intra-insured" exclusion rather than a "named insured" exclusion, but is otherwise the same. The intra-insured exclusion purports to exclude coverage for injuries to named insureds, just like the exclusion in *Falness*. Also, as in *Falness*, the declaration page indicates coverage and the exclusion appears in the policy boilerplate, on the fifth page after the declarations page. Further, neither Mr. nor Mrs. Morgan can testify as to his or her reasonable expectations because Mr. Morgan suffers from severe cognitive deficits as a result of the accident and Mrs. Morgan died in the accident.

The *Falness* court relied on Arizona precedent in reaching its decision. No Arizona case since *Falness* has contradicted its holding. The Court therefore must follow *Falness* and refuse to enforce the intra-insured exclusion because it violates the reasonable expectations doctrine. Without the exclusion, the Policy provides coverage for Plaintiffs' claims.

Accordingly,

IT IS ORDERED GRANTING Plaintiffs' Motion for Summary Judgment (Doc. #23).

IT IS FURTHER ORDERED DENYING Defendant's Motion for Summary Judgment (Doc. #25).

DATED this 4th day of June, 2007.

_____
James A. Teilborg
United States District Judge